IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY WASHINGTON,<br><br>    Plaintiff<br><br>    v.<br><br>BALTIMORE POLICE DEPARTMENT, THOMAS PELLEGRINI, OSCAR REQUER, RICHARD FAHLTEICH, JOHN TEWEY, FRED CERUTI, JOHN MACGILLIVARY, UNKNOWN EMPLOYEES OF THE BALTIMORE POLICE DEPARTMENT, AND MAYOR AND THE CITY COUNCIL OF BALTIMORE,<br><br>    Defendants | Case No. 1:19-cv-02473<br><br>Judge Stephanie A. Gallagher<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF MOTION FOR ADDITIONAL TIME
TO SERVE DEFENDANT MACGILLIVARY**

NOW COMES Plaintiff Gary Washington, by their undersigned counsel, Loevy & Loevy, and states in reply the following:

1.  The Defendants' opposition to Plaintiff's motion for additional time to serve Defendant MacGillivary rests on two fundamental misconceptions: first, that Plaintiff would be seeking punitive damages against Defendant MacGillivary (or more aptly, against his estate) and second, that insurance and indemnification are not coterminous in this context. Neither is correct.

2.  First, because he is deceased, Plaintiff is not pursuing punitive damages against Defendant MacGillivary. Instead, Plaintiff is only seeking to

recover compensatory damages against this Defendant. As a result, indemnification will cover any award of damages for Plaintiff's loss. *See* Md. Code §5-303(b) ("a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government.").[1]

3. Moreover, given the mandatory indemnification for compensatory damages under Maryland law—a point with which the Defendants do not quibble—the estate's actual liability exposure is zero, just as it would be with liability insurance. Indeed, Section § 8-104(e)(2) expressly states "[t]he amount of the judgment that is recoverable from the estate is limited to the amount of the decedent's liability insurance policy." Md. Code Est. & Trusts §8-104(e)(2).

4. Second, in this context, indemnification and insurance are synonymous: both operate to provide coverage for damages resulting from the tortious acts of the decedent. *See Bosley v. Chesapeake Ins. Co.*, 3 G. & J. 450, 468 (1831) ("It is clear that a policy of insurance, both in its object and form,

---

[1] Notably, indemnification for punitive damages is permissive—meaning the local government could but is not required to indemnify. *See* Md. Code §5-303(c). Nonetheless, because Section 8-104(e) provides for recovery only up to the amount of the indemnification, whether or not Plaintiff pursued a punitive damages claim would not impact whether indemnification operates as insurance. Moreover, as *Shortt v. County of Los Angeles*, CV115484DSFJCGX, 2012 WL 13168214, at *2-3 (C.D. Cal. June 14, 2012) explains, virtually all insurance policies limit the scope of coverage—whether by date or by the nature of the claim; indemnification is no different in that regard.

is merely a contract of indemnity."); *see also Shortt v. County of Los Angeles*, CV115484DSFJCGX, 2012 WL 13168214, at *2–3 (C.D. Cal. June 14, 2012) ("Defendants argue that indemnification is distinguishable from insurance because it is not automatic and applies only in certain circumstances – i.e., when the public entity's employee's act or omission occurred within the scope of employment. (Defs.' Mot. at 7-8.) However, as Plaintiff points out, (Opp'n at 10), virtually all insurance policies limit the scope of coverage to specific circumstances, and insurance coverage is not 'automatic.' Furthermore, once it is established that a public employee's actions qualify for indemnification under § 825(a), indemnification is automatic because the public entity has a mandatory duty to provide it.").

5. The Defendants cite to nothing to suggest otherwise, save a case that states the noncontroversial proposition that a statute should be given its plain meaning.

6. Because indemnification and insurance are coterminous, other courts in other jurisdictions with similar probate statutes, have permitted actions to proceed against deceased defendants where indemnification was available. For example, in *Rosario v. Whitehouse*, there was a dispute about whether the plaintiff could proceed against deceased defendants under a probate statute that permitted personal injury suits where the claims were covered by "a policy of liability bond or liability insurance." *See Rosario v.*

3

*Waterhouse*, 1:19-CV-10532-LTS, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019). The plaintiff argued that because "recovery for the alleged harm caused by the Deceased Defendants will be funded only by the City 's indemnification, such recovery will be pursuant to a policy of liability bond or liability insurance." *Id*. (internal quotations omitted). The City of Lowell objected, claiming that indemnification was not the same thing as a policy of liability bond or liability insurance." *Id*. The Court rejected the City's claim and adopted the plaintiff's reading of the statute. In particular, the Court found that a liability bond was simply a promise to pay money or do some act if certain circumstances occur; and that indemnification was designed to accomplish the very same purpose. *Id*. Indeed, the Court expressly held that

> The absence of the word "indemnification" from the statute is of no moment; rather, the statute's terms are capacious enough to include the types of policies that the legislature expressly envisioned.

*Id*. That included instances of indemnification; that is, where the City made a written promise to pay if the defendant was acting within the scope of his or her employment. *Id*.

7. The same result should obtain here. Although the term "indemnification" is not in §8-104(e), the statute's reference to liability insurance is "capacious enough" to include indemnification within its scope. *Id*. That is because indemnification and insurance operate to provide the same coverage here; protection from judgment..

8. In addition, *Rosario* found two more reasons why the City's indemnification obligation fell within the purview of the statute that are applicable here. "First, an alternative reading would provide a windfall to municipalities whenever their employees cause a personal injury or death but pre-decease the expeditious filing of a lawsuit, thus visiting a grave injustice on injured parties." *Id*. at *4. Second, "the legislative concerns that justify a shorter statute of limitations for claims against decedents have no force when municipal indemnification, rather than the assets of an estate, will support a final judgment." *Id*.

9. Those same concerns apply with equal force to this litigation. If this Court were to refuse to permit plaintiff to proceed against Defendant MacGillivary notwithstanding the mandatory indemnification under Maryland law, there would be a windfall to the Baltimore Police Department and a grave injustice to Plaintiff. Moreover, the justification for the shorter statute of limitations in Md. Code Est. & Trusts §8-103(a) has no bearing when the BPD is footing the bill. *Id*.; *see also Greentree v. Fertitta*, 659 A.2d 1325, 1329 (Md. App. 1995) ("Where the claim against the estate is covered by insurance, however, considerations relating to the prompt distribution of estate assets are not as pertinent. In such situations the claimant ultimately seeks recovery, not from the estate to be distributed but from the insurance company which assumed the risk of insuring the decedent. Consequently, late

5

claims will not interfere with the personal representative's statutory obligation to settle the estate expeditiously.").

10.     The only other argument that the Defendants make is a nonsensical claim that Plaintiff failed to file within six months of his claim accruing. But Md. Code Est. & Trusts §8-104(e)(2) specifically exempts plaintiffs from the six-month-timeline where there is insurance to cover any judgment. Rather, in those circumstances, an action must only be filed "within the period of limitations generally applicable to such actions." *Id.*; *see also Greentree*, 659 A.2d at 1330; *Collier v. Connolley*, 400 A.2d 1107, 111 (Md. 1979). Plaintiff filed well within the three-year statue of limitations applicable to constitutional torts and personal injury claims. *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014); Md. Code. Ann., Cts. & Jud. Proc. § 5-101 (three-year statute of limitations for personal injury action).

11.     For all of the reasons stated above, this Court should grant Plaintiff's motion to extend the time for service so that he can re-open MacGillivary's estate and have a personal representative appointed.

Respectfully submitted,

GARY WASHINGTON

By: /s/ Gayle Horn
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Jon Loevy
Gayle Horn
Roshna Bala Keen
Renee Spence
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
gayle@loevy.com

## CERTIFICATE OF SERVICE

I, Gayle Horn, an attorney, hereby certify that I filed the foregoing Motion via the Court's CM/ECF system on December 19, 2019, and thereby served a copy on all counsel of record.

/s/ Gayle Horn
*One of Plaintiffs' Attorneys*