## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY WASHINGTON,<br><br>Plaintiff<br><br>v.<br><br>BALTIMORE POLICE DEPARTMENT, THOMAS PELLEGRINI, OSCAR REQUER, RICHARD FAHLTEICH, JOHN TEWEY, FRED CERUTI, JOHN MACGILLIVARY, UNKNOWN EMPLOYEES OF THE BALTIMORE POLICE DEPARTMENT, AND MAYOR AND THE CITY COUNCIL OF BALTIMORE,<br><br>Defendants | Case No. 1:19-cv-02473<br><br>Judge Stephanie A. Gallagher<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND MOTION FOR ADDITIONAL TIME
## TO SERVE DEFENDANT MACGILLIVARY

Now Comes Plaintiff, GARY WASHINGTON, by and through his attorneys, LOEVY & LOEVY, and moves the Court as follows:

1.     On August 27, 2019, Plaintiff Gary Washington filed his Complaint against various individual police officer defendants, the Baltimore Police Department, and the Mayor and City Council of Baltimore, alleging that his constitutional and state rights were violated when he was wrongfully prosecuted and convicted of a murder that he did not commit. Dckt No. 1.

2.     Plaintiff served all of the living individual defendants within the time period prescribed by Federal Rule of Civil Procedure ("Rule") 4m, and those defendants have, in turn, answered the Complaint. Dckt No. 28. Plaintiff has also

served the BPD and City and they have moved to dismiss. Briefing on the BPD's and City's motion to dismiss is ongoing. Dckt Nos. 29, 30.

3.      The only defendant that Plaintiff has not been able to serve is Defendant John MacGillivary, who is deceased. On November 22, 2019, Plaintiff moved for more time to serve Defendant MacGillivary: Plaintiff sought the additional time so that he could try to re-open an estate for Defendant MacGillivary and have a personal representative appointed. Dckt No. 27.

4.      That motion was granted on December 20, 2019. Plaintiff was given until December 30, 2019 to serve Defendant MacGillivary. Dckt No. 34. This left Plaintiff with 4 business days to have a personal representative appointed and effect service.

5.      Plaintiff, however, needs additional time for service. Although Plaintiff has been diligent in his efforts, there is neither an estate nor personal representative for Defendant MacGillivary on which to serve the summons and Complaint.

6.      With this motion, Plaintiff is simultaneously filing a motion for this Court to appoint a personal representative so that Plaintiff can proceed against Defendant MacGillivary.

7.      As a result, Plaintiff is asking that this Court extend the time to serve Defendant MacGillivary until 30 days after a personal representative is appointed. Plaintiff has "good cause" for such a request: He has been diligent in his attempts to serve Defendant MacGillivary, including ascertaining Defendant MacGillivary's

death, investigating the existence of an estate, filing a motion for additional time and filing a motion for a personal representative to be appointed. *See Robinson v. G.D.C., Inc.*, 193 F. Supp. 2d 577, 580 (E.D. Va. 2016) ("Thus, 'good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances," which there included attorney negligence in serving complaint four days late); *Abraham v. Brayboy*, No. 6:14-1844-RMG-KFM, 2015 WL 10384596, at *3 (S.D.S.C. June 9, 2015) ("Here, even assuming that good cause is required for an extension under Rule 4(m), the undersigned finds that good cause has been shown by the plaintiff given his attempt to ascertain addresses for the unserved defendants through discovery and the defendants' failure to respond to his discovery requests.").

8.     Plaintiff has consulted with the Defendants. They have indicated that they object to Plaintiff's request, for the reasons set forth in their response to our prior motion. *See* Dckt No. 32. As Plaintiff previously explained, those objections are not well taken. Dckt No. 33. Indeed, this Court has already determined that good cause existed for the additional time to effect service, pursuant to Rule 4(m), and that Defendants would not be prejudiced by the extension. Dckt. No. 34.

9.     According to the Defendants, Plaintiff is out of time to serve Defendant MacGillivary because the Defendants contend that under Maryland Code, Estates and Trusts, Section 8-103, Plaintiff had to file suit against Defendant MacGillivary six months after MacGillivary's death. Md. Code Ann., Est. & Trusts § 8-103(a). Defendant MacGillivary died in 1996—over two decades ago.

10.     Section 8-103(a) does not govern the statute of limitations here. Instead, where a "decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions." Md. Code Ann., Est. & Trusts § 8-104(e)(1); *see also Greentree v. Fertitta*, 338 Md. 621, 639 (1995); *Collier v. Connolley*, 285 Md. 123, 129 (1979). That period here is three years, and Plaintiff is well within that timeframe.

11.     Nor are the Defendants any more successful in their claim that Section 8-104(e)(1) is inapplicable. Plaintiff is not seeking punitive damages against Defendant MacGillivary or his estate. Given the mandatory indemnification for compensatory damages under Maryland law, the estate's liability exposure is zero. As a result, in this context, indemnification operates the same as insurance: Both operate to provide coverage for damages resulting from the tortious acts of the decedent. *See Bosley v. Chesapeake Ins. Co.*, 3 G. & J. 450, 468 (1831) ("It is clear that a policy of insurance, both in its object and form, is merely a contract of indemnity."); *see also Shortt v. County of Los Angeles*, CV115484DSFJCGX, 2012 WL 13168214, at *2–3 (C.D. Cal. June 14, 2012) ("Defendants argue that indemnification is distinguishable from insurance because it is not automatic and applies only in certain circumstances – i.e., when the public entity's employee's act or omission occurred within the scope of employment. (Defs.' Mot. at 7-8.)

However, as Plaintiff points out, (Opp'n at 10), virtually all insurance policies limit the scope of coverage to specific circumstances, and insurance coverage is not 'automatic.' Furthermore, once it is established that a public employee's actions qualify for indemnification under § 825(a), indemnification is automatic because the public entity has a mandatory duty to provide it."); *Rosario v. Waterhouse*, 1:19-CV-10532-LTS, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019) ("The absence of the word "indemnification" from the statute is of no moment; rather, the statute's terms are capacious enough to include the types of policies that the legislature expressly envisioned.").

12.     As a result, this Court should permit Plaintiff additional time in which to serve Defendant MacGillivary. No party is prejudiced by Plaintiff's request for additional time, and if Plaintiff were not permitted to attempt to re-open Defendant MacGillivary's estate and appoint a special representative then there would be "a grave injustice" on Plaintiff, and a concomitant "windfall to municipalities whenever their employees cause a personal injury or death but pre-decease the expeditious filing of a lawsuit . . . ." *Rosario*, 2019 WL 4765082, at *4.

13.     Rather than request a specific time period in which to extend service—possibly requiring Plaintiff to periodically return to seek additional time should the appointment of a special representative take longer than the Court's extension—Plaintiff is asking that this Court grant him until 30 days after a personal representative is appointed to serve Defendant MacGillivary. Plaintiff is diligently

pursuing the appointment of a personal representative, simultaneously asking this Court for the same, and so Plaintiff's request will not prejudice any party.

Respectfully submitted,

GARY WASHINGTON

By: /s/ Gayle Horn
One of Plaintiff's Attorneys

*Attorneys for Plaintiff*
Jon Loevy
Gayle Horn
Roshna Bala Keen
Renee Spence
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
gayle@loevy.com

## CERTIFICATE OF SERVICE

I, Gayle Horn, an attorney, hereby certify that I filed the foregoing Motion via the Court's CM/ECF system on December 30, 2019, and thereby served a copy on all counsel of record.

/s/ Gayle Horn
*One of Plaintiffs' Attorneys*