# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GARY WASHINGTON,<br><br>    Plaintiff<br><br>    v.<br><br>BALTIMORE POLICE DEPARTMENT, THOMAS PELLEGRINI, OSCAR REQUER, RICHARD FAHLTEICH, JOHN TEWEY, FRED CERUTI, JOHN MACGILLIVARY, UNKNOWN EMPLOYEES OF THE BALTIMORE POLICE DEPARTMENT, AND MAYOR AND THE CITY COUNCIL OF BALTIMORE,<br><br>    Defendants | Case No. 1:19-cv-02473<br><br>Judge Stephanie A. Gallagher<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO APPOINT A PERSONAL REPRESENTATIVE FOR DECEASED DEFENDANT MACGILLIVARY

Now Comes Plaintiff, GARY WASHINGTON, by and through his attorneys, LOEVY & LOEVY, and moves the Court as follows:

### Introduction

1. On August 27, 2019, Plaintiff Gary Washington filed his Complaint against various individual police officer defendants, the Baltimore Police Department and the Mayor and City Council of Baltimore alleging that his constitutional and state rights were violated when he was wrongfully prosecuted and convicted of a murder that he did not commit. Dckt No. 1.

2. Defendant MacGillivary died before Plaintiff filed his Complaint or Plaintiff's claims accrued, and MacGillivary's estate is now closed. *See*

https://registers.maryland.gov/RowNetWeb/Estates/frmDocketImages.aspx?src=row&RecordId=694272948. Plaintiff therefore asks the Court to appoint a special representative for the purpose of defending the case on MacGillivary's behalf.

3.  Under 42 U.S.C. § 1988, federal courts are empowered to borrow state procedures to effect a remedy for a constitutional injury. Here, absent the appointment of a personal or special representative, Plaintiff would be unable to redress injuries MacGillivary inflicted upon him. Plaintiff's claims survive the death of MacGillivary, however, and the purpose of 42 U.S.C. § 1983 would be frustrated if Plaintiff could not seek redress for his injuries even though his claims are timely. Accordingly, this Court must appoint a personal representative so that all of Plaintiff's claims may be addressed on their merits.

## Argument

4.  Federal Rule of Civil Procedure 25 provides that if "a party dies and [a] claim is not extinguished," a court may order substitution of a property party, including a decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). But the Federal Rules are silent about the proper procedure when an individual dies before a complaint is filed.

5.  Nonetheless, Section 1988 advises that state statutes can be used to fill in gaps in federal law. 42 U.S.C. § 1988; *Battle v. Ledford*, 912 F.3d 708, 714 (4th Cir. 2019). Stated differently, this Court should look to Maryland law, which allows a creditor to recover against a decedent even after the estate is closed where, as here, there is liability insurance. *See* Md. Est. & Trusts Code Ann. § 8-104(e)(1).

6. There is no dispute that the claims against MacGillivary survive his death. *See Wilson v. Garcia*, 471 U.S. 261, 271-75 (1985) (all §1983 claims should be deemed personal-injury suits for purposes of determining the applicable statues of limitation); *Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994) ("Section 1983 does not mention survival, but 42 U.S.C. § 1988 directs us in such absences to look to state law unless it is inconsistent with federal policy."); 42 U.S.C. § 1988(a); Md. Cts. & Jud. Proc. Code Ann. § 6-501, "Cause of Action at Law" ("(a) Except as provided in subsection (b) of this section, a cause of action at law, whether real, personal, or mixed, survives the death of either party.").

7. Nor is there any legitimate dispute that under Maryland Code Ann. Estates & Trusts § 8-104(e)(1), Plaintiff's complaint against MacGillivary is timely. Section 8-104(e)(1) provides that where a "decedent was covered by a liability insurance policy which at the time the action is instituted provides insurance coverage for the occurrence, then, notwithstanding the other provisions of this section, an action against the estate may be instituted after the expiration of the time designated in this section, but within the period of limitations generally applicable to such actions." Md. Code Ann., Est. & Trusts § 8-104(e)(1); *see also Greentree v. Fertitta*, 338 Md. 621, 639 (1995); *Collier v. Connolley*, 285 Md. 123, 129 (1979).

8. Here, MacGillivary's actions are covered by "a liability insurance policy" in the form of mandatory indemnification. Maryland statute provides for automatic indemnification of liabilities arising out of a police officer's acts taken in

3

the scope of his or her employment—the very type of actions at issue against MacGillivary here. *See* Md. Cts. & Jud. Proc. Code Ann. §5-303(b)(1) ("Except as provided in subsection (c) of this section, a local government shall be liable for any judgment against its employee for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government."). That indemnification operates exactly as insurance does: It is a promise to pay money if certain circumstances occur. *See Bosley v. Chesapeake Ins. Co.*, 3 G. & J. 450, 468 (1831) ("It is clear that a policy of insurance, both in its object and form, is merely a contract of indemnity."). *See also Shortt v. County of Los Angeles*, CV115484DSFJCGX, 2012 WL 13168214, at *2–3 (C.D. Cal. June 14, 2012) ("Defendants argue that indemnification is distinguishable from insurance because it is not automatic and applies only in certain circumstances – i.e., when the public entity's employee's act or omission occurred within the scope of employment. (Defs.' Mot. at 7-8.) However, as Plaintiff points out, (Opp'n at 10), virtually all insurance policies limit the scope of coverage to specific circumstances, and insurance coverage is not 'automatic.' Furthermore, once it is established that a public employee's actions qualify for indemnification under § 825(a), indemnification is automatic because the public entity has a mandatory duty to provide it."); *Rosario v. Whitehouse*, 1:19-CV-10532-LTS, 2019 WL 4765082, at *3 (D. Mass. Sept. 27, 2019) (finding indemnification counted as insurance under the Massachusetts probate statute); Dckt No. 27 at 3

4

(arguments regarding indemnification and insurance under Section 8-104(e)(1)).[1] Given that indemnification is plainly a form of insurance here, Plaintiff's claims against MacGillivary are governed by Section 8-104(e)(1).

9. Therefore, under Section 8-104(e)(1), Plaintiff's claims are timely provided they were brought "within the period of limitations generally applicable to such actions." That criteria has been met: the bulk of Plaintiff's complaint against MacGillivary (along with the other individual defendants) alleges federal due process and federal and state malicious prosecution claims. The clock on those claims began to run once the State dismissed all charges against Plaintiff—less than a year ago, on January 15, 2019. Dckt No. 5, Amend Compl. ¶¶ 42, 43. *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 390, 392 (4th Cir. 2014). Therefore, Plaintiff's claims against MacGillivary are well within the three-year window for personal injury torts. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (three-year statute of limitations for personal injury action).

10. Because Plaintiff's claims against MacGillivary survive MacGillivary's death and are timely, Maryland law allows Plaintiff to proceed with his action even though MacGillivary's estate closed. Procedurally, this Court can appoint a personal representative to defend against Plaintiff's claims. *See Greentree*, 659 A.2d at 1326 (explaining that plaintiff arranged for an estate to be opened after defendant's

---

[1] Under the Local Government Tort Claims Act, the Baltimore Police Department's obligation to pay for MacGillivary's tortious acts or omissions runs directly to Plaintiff; MacGillivary need not even assign his right to indemnification to Plaintiff for the obligation to take hold. *See Johnson v. Francis*, 197 A.3d 582, 593-98 (Md. Spec. App. 2018).

5

death); Md. Est. & Trusts Code Ann. § 7-401(y)(1) (permitting personal representative to defend against claims); *Id*. at 10-104 (authorizing court to appoint a personal representative after estate has closed where property subsequently discovered).[2] Under Maryland law, a personal representative has the power to defend claims or actions on behalf of the deceased. *See* Md. Est. & Trusts Code Ann. § 7-401(y)(1) (personal representative has power to "prosecute, defend, or submit to arbitration actions, claims, or proceedings …."); *Id*. at § 10-104 (allowing that "the court, on petition of an interested person and on such notice as it may direct, may appoint the same or a successor personal representative and make other appropriate orders" where "property is discovered after an estate has been closed and the appointment of the personal representative has been terminated . . . ."); *see also Greentree v. Fertitta*, 659 A.2d 1325, 1326 (Md. 1995) ("After learning of Mr. Fertitta's death, Ms. Greentree's counsel arranged for an estate to be opened for Mr. Fertitta on October 15, 1992. On October 21, 1992, the original complaint was served upon the personal representative of the estate and a copy forwarded to the insurer.").

---

[2] Federal courts in other jurisdictions have acted similarly in analogous circumstances; that is, they have appointed personal representatives to defend against a plaintiff's claims against a decedent-defendant. *See, e.g., Pursley v. City of Rockford*, No. 18 C 50040, ECF No. 93 (N.D.Ill. June 5, 2019) (granting Plaintiff's motion to appoint special representative); *Savory v. Cannon*, No. 17 C 204, ECF No. 41 (N.D.Ill. Mar. 9, 2017) (appointing city clerk as special representative for deceased defendants in wrongful convictions case); *Starks v. Waukegan*, No. 09 C 348, ECF No.208 (N.D.Ill. Jan. 15, 2014) (Order Appointing Special Administrator); *Rivera v. Lake County*, 947 F. Supp. 2d 1179, 1199 (N.D.Ill. 2013) (appointing special representative for deceased defendants in wrongful conviction case); *Hicks v. Young*, 2012 WL 1755735, at *1-2 (N.D.Ill. May 15, 2012).

11. That personal representative need not be one of MacGillivary's heirs. To the contrary, a City or BPD official might be more efficient here because Plaintiff has sued MacGillivary in connection with his police work, the same attorneys represent multiple former members of the Baltimore Police Department, and Maryland requires municipalities, including BPD, to indemnify judgments against their officers. *See* Dckt No. 5, Amend Compl. ¶ 8 (individual officers acting within scope of employment); Dckt No. 28, Answer ¶ 8 (admitting acting in scope of employment); *See* Md. Cts. & Jud. Proc. Code Ann. §5-303(b)(1). Or, the prior representative or administrator of the estate can be reappointed for purposes of defendant against this suit. Plaintiff has no preference as to the identity of the appointed representative, provided that he or she participates in the case as required by the Federal Rules of Civil Procedure.

12. Alternatively, this Court may find that appointment of a personal representative is unnecessary because the provider of the liability insurance (in this case, the indemnitor BPD) is already a named party in the action, in which case this Court should order Plaintiff to serve BPD as the representative of the estate of MacGillivary.

13. Plaintiff inquired of the Defendants to see if they objected to having a personal representative appointed to represent MacGillivary. Counsel for the City and BPD responded that they have no objection to the appointment of a special representative except on timeliness grounds previously raised by the Individual

Defendants (*see* Dckt. No. 32). Counsel for the Individual Defendants did not respond as of the time of filing.

WHEREFORE, Plaintiff, GARY WASHINGTON, hereby moves to have a personal representative appointed to defend against Plaintiff's claims.

Respectfully submitted,

GARY WASHINGTON

By: /s/ Gayle Horn
*One of Plaintiff's Attorneys*

*Attorneys for Plaintiff*
Jon Loevy
Gayle Horn
Roshna Bala Keen
Renee Spence
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
gayle@loevy.com

## CERTIFICATE OF SERVICE

I, Gayle Horn, an attorney, hereby certify that I filed the foregoing Motion via the Court's CM/ECF system on December 30, 2019, and thereby served a copy on all counsel of record.

/s/ Gayle Horn
*One of Plaintiffs' Attorneys*