**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 26, 2020

LETTER ORDER

      RE:    *Washington v. Baltimore Police Department, et al.*,
                Civil No. SAG-19-2473

Dear Counsel:

      In this case, Plaintiff Gary Washington ("Plaintiff") sued the Baltimore Police Department, ("BPD") and six current and former Baltimore Police Officers (collectively, "the Officer Defendants"). ECF 5. Plaintiff alleges constitutional violations and state law claims in connection with his unlawful arrest and wrongful conviction, leading to his spending thirty-one years in prison for a murder he did not commit. *Id.* I have reviewed BPD's Motion to Bifurcate and Stay Discovery of the *Monell* Claim,[1] ECF 59, and the accompanying Memorandum of Law, ECF 59-1 (collectively, "the Motion"), Plaintiffs' Opposition, ECF 62, and BPD's Reply, ECF 65. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be granted.

      The Motion seeks to bifurcate the trial of Plaintiffs' claims against the Officer Defendants from the *Monell* claim lodged against BPD, and to stay discovery relating to the *Monell* claim until the underlying § 1983 claims have been adjudicated. ECF 62 at 1. Turning to the relevant legal standards, the bifurcation of trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

      The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). Likewise, with respect to the requested stay, decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

      In the majority of similarly situated cases against the BPD and related entities, this Court has bifurcated *Monell* and supervisory liability claims from underlying § 1983 claims against individual officers. *See, e.g.*, *Burley v. Balt. Police Dep't,* Civil No. SAG-18-0173, ECF No. 78

---

[1] "*Monell* claim" refers to Plaintiff's claim against BPD (the municipality), under the dictates of *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

*Washington v. Balt. Police Dep't., et al.*,
Civil No. SAG-19-2473
October 26, 2020
Page 2

(D. Md. Nov. 18, 2019); *Harrod v. Mayor of Balt.*, Civ. No. SAG-18-02542, ECF No. 65 (D. Md. Oct. 10, 2019); *Burgess v. Balt. Police Dep't.*, Civ. No. RDB-15-00834, 2016 WL 1159200, at *2 (D. Md. Mar. 23, 2016) ("Given the derivative nature of BPD's potential liability, bifurcation would conserve judicial resources and encourage efficient litigation."); *Roberts v. Taylor*, Civ. No. CCB-18-1940 (D. Md. Jul. 18, 2019), ECF 60; *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 22425, at *10 (D. Md. Jan. 15, 2019) ("This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities."); *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-21 (D. Md. 1991). There are a small number of cases denying bifurcation, but those cases constitute a distinct minority. *See Potts v. Hendrix*, Civ. No. CBD-16-3187 (D. Md. Dec. 7, 2018), ECF 84 (denying motion to bifurcate and stay discovery); *Owens v. Balt. City State's Attorneys' Office*, Civ. No. GLR-11-03295, ECF No. 96 (declining, without explanation, to stay discovery, and reserving the issue of bifurcation until discovery had concluded). Ultimately, the decision whether to bifurcate is a fact-specific inquiry, and the facts of this case, like in the majority of cases above, support bifurcation.

In order to establish *Monell* liability on the part of the BPD, Plaintiff first will have to establish that he suffered constitutional injury. Discovery as to the facts of his particular investigation and conviction will be complex due to the age of his case, but relatively limited in purview. *See, e.g.*, *Marryshow*, 139 F.R.D. at 319. In contrast, *Monell*-related discovery would extend into other wrongful conviction cases dating back thirty-plus years, policies and practices of the BPD during that remote time frame, and a decades-old audit of the Homicide Unit. Distinguishing the *Monell*-related discovery from that relating directly to the facts of Plaintiff's case should be a simple proposition, and reserving the much broader discovery until a particular constitutional violation has been established could greatly assist in narrowing its scope, the length of time it will take to conduct, and the overall expediency of the case.

Moreover, as in the other BPD cases I have decided recently, I am persuaded that the bifurcation of trials in this case will advance judicial economy and will minimize any prejudice to the Officer Defendants. Significant prejudice would accrue to those defendants if evidence of other officers' wrongful conduct in unrelated cases were to be admitted into evidence at the trial against them. *See Marryshow*, 139 F.R.D. at 320. Thus, these issues of prejudice and considerations of judicial economy regarding a more focused discovery process outlined above weigh in favor of bifurcation for trial.

Plaintiff's opposition speculates that BPD intends to (1) deny indemnification of the Officer Defendants and (2) seek dismissal of the *Monell* claim as the case proceeds forward. ECF 62. At this stage, it is not evident that BPD will do either. Even assuming, however, that it will, neither of those facts is relevant to the legal standard set forth in Fed. R. Civ. P. 42(b).

*Washington v. Balt. Police Dep't., et al.*,
Civil No. SAG-19-2473
October 26, 2020
Page 3

      In light of the bifurcation, a stay of discovery relating to the *Monell* claims is also appropriate, although limited discovery into the policies and training directly related to the officers involved in Plaintiff's case is obviously permissible. BPD's Motion, ECF 59, is therefore GRANTED.

      Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

                                  Sincerely yours,

                                  /s/
                              Stephanie A. Gallagher
                              United States District Judge