**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore)**

GARY WASHINGTON,                          *

    Plaintiff,                              *       Case. No**.**  1:19-cv-02473-SAG

v.                                        *

                                   Judge Stephanie A. Gallagher

BALTIMORE POLICE DEPARTMENT,              *
*et al.,*                                       Jury Trial Demanded
                                          *
    Defendants.

*     *     *     *     *     *     *     *     *     *     *

**MOTION TO COMPEL THE PRODUCTON OF SUBPOENAED DOCUMENTS**
**<u>PROVIDED BY ROBERT BIDDLE</u>**

    Defendants Oscar Requer, Richard Fahlteich, John Tewey, and Fred Ceruti and Thomas Pellegrini ("Defendants") by and through their undersigned attorneys, Nathan & Kamionski LLP, respectfully hereby move this Honorable Court to Compel Plaintiff to produce subpoenaed documents provided by Robert Biddle that contain correspondence between Mr. Biddle and third-party witnesses. In support of their motion, Defendants state as follows:

**Introduction**

    Plaintiff Gary Washington ("Plaintiff") alleges in this case that he was wrongfully prosecuted and convicted of homicide in connection with the death of Faheem Ali on December 27, 1986. Plaintiff alleges that Defendants coerced at least two child witnesses into falsely naming Plaintiff as the shooter and destroyed records memorializing witnesses' truthful statements that Plaintiff was innocent. (Compl. ¶¶37-38).  Plaintiff filed a writ of actual innocence on November 30, 2016 which asserted that Otis Robinson's ("Mr. Robinson") recantation of prior testimony and the testimony of Norman Cook and Steven Reynolds was

"new evidence" that required that the conviction be vacated. A hearing proceeded in the writ of innocence, where Robinson, Cook, and Reynolds testified. In summary, Robinson provided recantation testimony while Cook and Reynolds testified that a man named Lawrence Thomas confessed to them as being the shooter in the crime for which Plaintiff was convicted. On August 20, 2018 Plaintiff's writ of actual innocence was granted. (Compl. ¶42). Despite initial interest in retrying Plaintiff for the murder of Faheem Ali, on January 15, 2019, the State dismissed the charges against the Plaintiff. (Compl. ¶43).

Throughout Plaintiff's post-conviction appeal he was represented by Robert Biddle ("Mr. Biddle") of Nathans & Biddle LLP. On September 2, 2020. In light of the allegations in the complaint claiming evidence was fabricated and withheld, Mr. Biddle was served a subpoena requesting any and all documents relating to his representation of Gary Washington in Baltimore City Circuit Court case #18703524. (Subpoena Dated September 2, 2020, attached hereto as Exhibit 1). Plaintiff refuses to share a large portion of Mr. Biddle's production incorrectly alleging such information is undiscoverable under the work product doctrine. (Pl.'s Amended Privilege Log re Biddle's File, attached hereto as Exhibit 2). Defendants are properly seeking this Court to compel Plaintiff to produce the documents from Mr. Biddle's file relating to Mr. Cook, Mr. Reynolds, and Mr. Robinson, all of whom testified at the hearing on Plaintiff's petition for writ of innocence or at trial. In addition, Defendants are seeking the production of correspondence with Tangela Alexander, a.k.a., Tangela Washington, who is Plaintiff's relative and testified on his behalf at the criminal trial.

## **Local Rule 104.7 Certification**

In advance of the filing of this motion, the parties met and conferred in an effort to resolve this matter informally and without court intervention. These efforts included discussions

about the applicable law by email and a telephone conversation between attorneys for

Defendants and Plaintiff on October 20, 2020.

I.    **Correspondence Between Mr. Biddle and Witnesses Who Testified at The
      Hearing on The Petition for Writ of Innocence Are Not Work Product.**

Plaintiff initiated this lawsuit in May 2019 alleging Defendants violated his constitutional

rights during a homicide investigation and subsequent conviction in June 1987 through fabrication

of false inculpatory evidence and withholding of exculpatory information. (Compl. ¶61). Since

Plaintiff filed his complaint, the parties have engaged in written discovery regarding Plaintiff's

claims and have made every effort to resolve these discovery disputes without Court intervention.

Defendants served a valid record subpoena on Mr. Biddle on September 2, 2020 for production of

all documents related to Mr. Biddle's representation of Plaintiff. (Exhibit 1). Mr. Biddle served as

Plaintiff's counsel during his post-conviction proceedings, specifically preparing the petition for

writ of actual innocence which led to the conviction being vacated.

Plaintiff has refused to produce documents that contain correspondence between Mr.

Biddle and third-party witnesses: Mr. Cook, Mr. Reynolds, and Mr. Robinson, incorrectly

asserting that the information is confidential under the work product doctrine. Despite Plaintiff's

assertion, the work product doctrine does not provide blanket privilege to "all documents and

materials that were prepared or obtained because of the prospect of litigation." (Email

Correspondence Dated October 14, 2020, attached hereto as Exhibit 3).

Under Rule 26, "parties may obtain discovery regarding any nonprivileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P.

26(b)(1). "Relevancy has been 'broadly construed to encompass any possibility that the

information sought may be relevant to the claim or defense of any party.'" *O'Malley v. Trader

Joe's East, Inc*., WL 6118841, at *3 (D. Md. Oct. 15, 2020) (quoting *Revak v. Miller*, WL 1164920,

at *2 (E.D.N.C. Mar. 9, 2020)). The work product doctrine, codified as Federal Rule of Civil Procedure 26(b)(3), provides that "ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation" Fed. R. Civ. P. 26(b)(3)(A); *see also, In re Grand Jury Proceedings #5*, 401 F.3d 247, 250 (4th Cir. 2005) (the work product privilege protects from discovery "an attorney's work done in preparation of litigation.").

However, fact work product, a "transaction of the factual events involved," may be obtained upon a mere "showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Grand Jury Proceedings, John Doe*, 102 F.3d 748, 750 (4th Cir. 1996) (internal citation omitted). In determining the existence of substantial need, courts have considered: "(1) importance of the materials to the party seeking them for case preparation; (2) the difficulty the party will have obtaining them by other means; and (3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks." *See E.I. DuPoint de Nemours & Co. v. Kolon Indus, Inc.*, 269 F.R.D. 600, 608-09 (E.D. Va. 2010) (internal quotations omitted).

Correspondence between Mr. Biddle and third-party witnesses who testified at the hearing for the writ of actual innocence regarding Plaintiff's conviction or at trial are discoverable because Defendants have substantial need and cannot secure equivalent materials without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii). The correspondence between such parties is essential to evaluating Plaintiff's claims and developing Defendants' defense. Plaintiff's counsel asserted that Mr. Biddle's correspondence with third-party witnesses was relied upon in preparing the writ of actual innocence. (Exhibit 2). Further, Defendants were not involved in any aspects of the post-conviction appeal and do not have access to the same facts about the underlying claims that Plaintiff does via

the subpoenaed case file produced by Mr. Biddle. "Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may be properly had." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).

Defendants cannot secure equivalent materials as to those contained in Mr. Biddle's file and are being denied access by Plaintiff to these materials. Representations passed between Mr. Biddle and third-party witnesses preceding or following their testimony at the hearing of actual innocence cannot be replicated through alternative discovery means, such as deposing third-party witnesses. *See McDougal v. Dunn*, 468 F.2d 468, 474 (4th Cir. 1972) (the court compelled production of interviews despite work product doctrine stating "the lapse of many months and dimming of memory provides reason [] for counsel to examine any substantially contemporaneous declarations or admissions."). The privilege log indicates over 60 separate communications between Mr. Biddle and witness Reynolds beginning in the year 2012 and ending in the year 2018. There are several instances where the author of the communication is witness Reynolds, rather than Plaintiff's attorney. There are also two entries referencing communications with Robinson and one entry involving Cook. Finally, there are four entries on the privilege log regarding communications with trial witness Tangela Alexander. (Ex. 2 pp. 2-3). The hearing on the writ of actual innocence took place on June 9 and July 18, 2017. Over three years later third-party witnesses are unlikely to able to recall their correspondence with Mr. Biddle prior to the hearing with accuracy, creating testimonial inconsistencies due to deponents' memory failures.

## II.    Alternatively, Even if Requested Documents Are Work Product, The Privilege Was Waived When Plaintiff Placed Third-Party Witnesses on The Stand.

The work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The work product privilege remains attached to documents and materials despite

5

termination of the original litigation and applies to subsequent litigation with equal vigor. *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 487 F.2d 480, 484 (4th Cir. 1973) ("Upon termination of litigation the work product documents prepared incident thereto [do not] lose the qualified immunity extended to them under Rule 26(b)(3), and [do not] become freely discoverable in subsequent . . . litigation.").

The work product privilege is not absolute and like other qualified privileges, may be waived. "Once [a] party begins to disclose any confidential communications for a purpose outside the scope of the privilege, the privilege is lost for all communications relating to the same matter." *Burlington v. Exxon Corp.*, 65 F.R.D. 26, 46 (D. Md. 1974).

In *United States v. Nobles*, the Supreme Court held that the testimonial use of material otherwise protected by the work product doctrine waives the protection provided by the doctrine. 422 U.S. 224, 239-40 (1975). The Court stated that defendant, "by electing to present the investigator as a witness, waived the [work product] privilege with respect to matters covered in his testimony." *Id.* at 239. The Fourth Circuit later held that *Nobles* established a rule that non-opinion work product put to testimonial use resulted in subject matter waiver of those materials. *In re Martin Marietta,* 856 F.2d 619, 625 (4th Cir. 1988) ("*Nobles* had held that subject matter waiver applies to non-opinion work product when testimonial use of non-opinion work product is made.").

Here, Plaintiff has waived the work product privilege by making testimonial use of correspondence between Mr. Biddle and third-party witnesses Mr. Cook, Mr. Reynolds, and Mr. Robinson. *See, Nutramax Lab, Inc. v. Twin Lab., Inc.*, 183 F.R.D. 458, 467 (D. Md. 1998) ("if otherwise discoverable documents, which do not contain pure legal theories, mental impressions,

conclusions or opinions of counsel, are assembled by counsel and put to testimonial use in the litigation, then an implied limited waiver of the work product doctrine takes place").

Plaintiff filed a writ of actual innocence on November 30, 2016, which asserted that Mr. Robinson's recantation was new evidence that required the conviction to be vacated. At the hearing Plaintiff introduced testimony from Mr. Cook, Mr. Reynolds, and Mr. Robinson. Witness Mr. Robinson testified that his original statement to the police following the shooting was inconsistent with his trial testimony. (Compl. ¶41). Witnesses Mr. Cook and Mr. Reynolds both testified that at separate occasions Lawrence Thomas confessed his own guilt and Plaintiff's innocence for the murder of Faheem Ali. Plaintiff's use of third-party witnesses Mr. Cook, Mr. Reynolds, and Mr. Robinson constituted a subject matter waiver of those materials witnesses testified regarding. Plaintiff may not assert that unproduced correspondence between Mr. Biddle and third-party witnesses are privileged under the work product doctrine because the qualified immunity that was once enjoyed has been waived.

WHEREFORE, Defendants respectfully request that this Court enter an order compelling Plaintiff to produce all documents acquired as a result of Mr. Biddle's subpoena that contain correspondence between Mr. Biddle and third-party witnesses Robinson, Cook, Reynolds, and Alexander, and for any such other relief this Court deems just and proper.

Respectfully submitted,

*/s/Shneur Nathan*
Shneur Nathan, Bar No. 20707
Avi T. Kamionski, Bar No. 20703
33 W. Monroe St., Suite 1830
Chicago, IL  60603
(312) 612-1955

(952) 658-3011
snathan@nklawllp.com
akamionski@nklawllp.com
Attorneys for Individual Defendants

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the

above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in

accordance with the rules of electronic filing of documents, on this 2nd Day of November, 2020.


*/s/Shneur Nathan*