# LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

May 13, 2021

**VIA ECF**

Honorable Stephanie Gallagher
United States District Court in the District of Maryland
101 West Lombard Street, Chambers 7C
Baltimore, MD 21201

Re: *Washington v. Baltimore Police Dep't, et al.*, Case No. 19-cv-02473-SAG

Dear Judge Gallagher:

In accordance with Guideline 1(f) of Appendix A of the Local Rules and this Court's Scheduling Order, Dkt. 56 at Section II(e), Plaintiff Gary Washington submits this letter to apprise the Court of the parties' inability to resolve discovery disputes despite good faith efforts. The disputes center on the Officer Defendants' incomplete responses to Interrogatories Nos. 5 and 11 served on the Officer Defendants.

## I.     Relevant Background

Plaintiff Gary Washington was wrongfully convicted and incarcerated for over three decades for the 1986 murder of Faheem Ali, a crime he did not commit. Dkt. 5 at ¶ 1, 12. Plaintiff has alleged that his wrongful conviction and incarceration were the direct result of the Officer Defendants' manipulation of witnesses, fabrication of evidence, and withholding of evidence; and of Defendant Baltimore Police Department's policies, customs, and practices of condoning the Officer Defendants' unconstitutional behavior. *Id.* at ¶ 3. After three decades of incarceration, Plaintiff's claims of innocence were finally recognized when the Circuit Court for Baltimore City granted Plaintiff's petition for a writ of actual innocence due to the recantation of the only eyewitness to the murder. *Id.* at 34-42. Following the grant of Plaintiff's petition for a writ of actual innocence, the State dismissed the charges against Plaintiff and Plaintiff filed this lawsuit. *Id*. at ¶43.

As part of Plaintiff's investigation into his claims Plaintiff served his First Set of Interrogatories to the Officer Defendants. The Officer Defendants provided incomplete responses to Interrogatories Nos. 5 and 11. Plaintiff notified the Officer Defendants of Plaintiff's objections to the Officer Defendants' response in a letter. Ex. A (Letter to Officer Defendants, April 9, 2021) at 3-5.  Plaintiff and the Officer Defendants conferred telephonically on April 23, 2021, to discuss the issues in Plaintiff's letter. Plaintiff and the Officer Defendants further corresponded through email to confirm the issues that could be resolved and to identify the matters at which they were at impasse. Ex. B (Emails between Plaintiff's Counsel and counsel for the Officer Defendants)[1] Plaintiff certifies that consistent with Local Rule 104.7, the parties have made sincere attempts to resolve the differences between them and have been unable to reach a resolution.

---

[1] The parties are still conferring about the other issues raised in Plaintiff's letter and thus are not addressed in this letter-motion.

*Washington v. Baltimore Police Dep't, et al.*, Case No. 19-cv-02473-SAG

**II.     Interrogatories Nos. 5 and 11**

The dispute about Interrogatory Nos. 5 and 11 is focused on the Officer Defendants' incomplete responses and their refusal to supplement their response based on their claim that supplementation is unduly burdensome and that Plaintiff can obtain these answer during the deposition. The Officer Defendants' arguments against supplementation must fail because they are unsupported by the Federal Rules and caselaw.

   a. *The Officer Defendants Are Required to Provide Complete Responses to Plaintiff's Interrogatories*

Federal Rules of Civil Procedure 26, 33, and 37 govern the scope of an interrogatory, a party's obligation to respond to interrogatories, and the remedy when a party fails to comply with the federal rules. Federal Rule of Civil Procedure 33 states that when a party answers an interrogatory, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). The Federal Rules do not permit the answering party to only provide a partial response simply because the party prefers to answer the interrogatory at a deposition. Nevertheless, this is what the Officer Defendants attempt to do here.

With regard to the Officer Defendants' responses to Interrogatory No. 5, Plaintiff asked:

> Did you participate in any identification procedure or interview with Plaintiff, Rozetta Dorsey, Otis Robinson, Pamela Chavois, Hebert Manigault, Sheila Brady, Tangela Washington, Ronald Brady, Nathaniel Oliver, Chris McMiller, Angela Smith, Delores Smith, Vanessa Dubose, Sylvia Harper, Fannie McFadden, Marvina or Melvina Harper, and Lawrence Thomas or any other witness during the Faheem Ali homicide investigation, or were you aware that any such identification procedure or interview had taken place? If your answer to this question is anything other than an unqualified "no," please describe your participation in or awareness of all identification procedures and interviews, including all actions that you took, the circumstances of each identification procedure or interview, all Communications that took place before, after, or during each identification procedure or interview, and all other Persons who participated in or were present during each identification procedure or interview.

In their responses, the Officer Defendants provided information only about whether they were present for an identification procedure or interview and neglected to answer whether the Officer Defendant was aware of any other identification procedure or interview that had been conducted. Ex. D (Officer Tewey's Responses to Plaintiff's First Set of Interrogatories) at 14-15; Ex. E (Officer Ceruti's Responses to Plaintiff's First Set of Interrogatories) at 14; Ex. F (Officer Pellegrini Responses to Plaintiff's First Set of Interrogatories) at 14-15; Ex. G (Officer Requer's Responses to Plaintiff's First Set of Interrogatories) at 14-15. The Officer Defendants do not state that they are unable to provide the requested information but instead simply fail to provide a complete response. When this deficiency was raised in Plaintiff's letter and during the

*Washington v. Baltimore Police Dep't, et al.*, Case No. 19-cv-02473-SAG

conference, the Officer Defendants responded that Plaintiff could seek this answer during a deposition and as a result, the Officer Defendants did not need to supplement their response.

 This unilateral decision to defer answers until deposition not only contravenes the overall goal of the Federal Rules of Civil Procedure, which is to "secure the just, speedy, and inexpensive determination of every action and proceeding," but also hinders Plaintiff's ability to identify areas of investigation in advance of the depositions and conduct an efficient examination. FRCP 1; *see also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 653 (D. Md. 1997) (remarking that interrogatories "frequently serve as the foundation of additional discovery" and failure to provide complete response can have a "spiraling effect" on discovery later in the case); *Coca Cola Co. v. Dixi-Cola Lab'ys*, 30 F. Supp. 275, 279 (D. Md. 1939) (noting that interrogatories are a "very useful, expeditious, and inexpensive method" for conducting discovery). The Officer Defendants have not provided a cognizable basis for failing to provide a complete response, and as a result, this Court should order the Officer Defendants to supplement their answers accordingly.

 The same arguments apply to Officer Defendants' responses to Interrogatory No. 11. Plaintiff asked:

> Please state with specificity each activity and investigative task that you participated in during the Faheem Ali homicide investigation. For each activity and task, please describe the Person who assigned you each task, the Person to whom you reported for each task, and each other Person with whom you performed each task. Please note that the scope of this Interrogatory includes both the original Faheem Ali homicide investigation—including but not limited to any identification procedure or interview—and any investigation that took place following the arrest, prosecution, and conviction of Gary Washington —including but not limited to any investigation during any of Gary Washington's criminal trials or appeals, and any investigation undertaken at any time after Gary Washington's exoneration, up to and including the present day. If you answer this Interrogatory by referring to Documents, please affirm under oath that the sum total of your participation in the Gary Washington homicide investigation is described in the Documents that you reference.

The Officer Defendants' responses were insufficient in that they did not provide information about the reports and notes they authored during the Ali murder investigation, an action that falls under the umbrella of "each activity and investigative task." Ex. C at 21; Ex. D at 21; Ex. E at 21-22; Ex. F at 21-22. When this deficiency was raised in Plaintiff's letter and during the conference, the Officer Defendants stated that they would not supplement their response because Plaintiff could obtain this information during the deposition.

 As the authorities cited above make clear, a party cannot avoid interrogatories on the basis that those questions may overlap with lines of inquiry at a deposition. Quite the contrary, interrogatories like the ones Plaintiff issued play an essential role in identifying areas of further inquiry, and of gathering information before the depositions take place to assist Plaintiff in

*Washington v. Baltimore Police Dep't, et al.*, Case No. 19-cv-02473-SAG

shaping appropriate deposition questions. Interrogatories and depositions are not perfect substitutes for each other, which is why the Federal Rules allow them both. For example, the investigative file is over 100 pages; Plaintiff should not have to dedicate the limited time Plaintiff has been allotted for each Officer Defendant's deposition to conduct a page-by-page examination to determine which reports or notes the Officer Defendants authored. Finally, interrogatories also play other essential tools in discovery, such as committing parties to specific positions.

For the reasons stated above, this Court should order the Officer Defendants to supplement their responses accordingly.

    b. *Supplementing the Officer Defendants' Responses is not Unduly Burdensome*

The Officer Defendants' claim that supplementing their responses is unduly burdensome is also baseless. As an initial matter, when Plaintiff and the Officer Defendants conferred about Interrogatories Nos. 5 and 11, the Officer Defendants did not specifically state why completely answering the interrogatories is unduly burdensome, other than to say that supplementing the responses would take time. *See* Local Rule App. App. A, Guideline 10(e) (stating that if a party asserts that the response to an interrogatory is unduly burdensome, then "the party making that assertion is expected to disclose, promptly and with particularity, the facts on which it relies to support that contention."); *see Tucker v. Ohtsu Tire & Rubber Co.,* 191 F.R.D. 495, 498 (D. Md. 2000) ("The party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence."). Further, when evaluating a claim that discovery is unduly burdensome the court should "consider both the importance of the discovery sought to the moving party, as well as the cost and burden to the producing party." *U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, No. CIV.A. DKC-11-2695, 2012 WL 2577795, at *2 (D. Md. July 2, 2012).

Here, the Plaintiff's interrogatories are narrowly aimed at obtaining information that is directly relevant to his claims. Plaintiff has alleged that the during the investigation into Faheem Ali's murder, the Officer Defendants fabricated evidence, withheld exculpatory evidence, coerced witnesses, and extracted false identifications of Plaintiff being the shooter during their interactions with witnesses. Dkt. 5 at ¶¶ 20-40, 93-100. Plaintiff has also raised a failure to intervene claim. *Id.* at ¶¶ 114-118. As such, evidence pertaining to which reports or notes the Officer Defendants authored, and the Officer Defendants' awareness of the conduct of the identification procedures and witness interviews, is essential to supporting Plaintiff's claims and proving Plaintiff's allegations. Moreover, the burden on the Officer Defendants is minimal as the Officer Defendants have access to the report and notes created during the homicide investigation and can use these documents to identify the documents they authored. These reports and notes can also be used to refresh their recollection about their knowledge of interviews and identification procedures during the investigation. Plaintiff's interrogatories fall squarely within the scope of Federal Rules 26 and 33 and the Officer Defendants should be required to comply with their discovery obligations.

*Washington v. Baltimore Police Dep't, et al.*, Case No. 19-cv-02473-SAG

      For the foregoing reasons, Plaintiff respectfully requests that this Court order the Officer Defendants to supplement their answers to Interrogatory Nos. 5 and 11.

                                 Respectfully submitted,

                                   GARY WASHINGTON

                By:     /s/ Renee Spence

                                 *One of Plaintiff's Attorneys*

Attorneys for Plaintiff
Jon Loevy*
Gayle Horn
Roshna Bala Keen*
Renee Spence*
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
spence@loevy.com
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

      I, Renee Spence an attorney, hereby certify that I filed the foregoing document via the Court's CM/ECF system on May 13, 2021 and thereby served a copy on all counsel of record.

                                 /s/ Renee Spence

                                 *One of Plaintiffs' Attorneys*