IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| GARY WASHINGTON,<br><br>    Plaintiff<br><br>v.<br><br>BALTIMORE POLICE DEPARTMENT, *et al.*,<br><br>    Defendants | Case No. 1:19-cv-02473-SAG<br><br>Judge Stephanie Gallagher<br><br>**JURY TRIAL DEMANDED** |

# JOINT STATUS REPORT

All parties, by their undersigned counsel, submit the following joint status report on discovery pursuant to the Court's Order (Doc. 152) requiring the parties to provide an update to Defendants' subpoenas to the Maryland Department of Public Safety and Correctional Services ("DPSCS"):

On July 15, 2022, Officer Defendants served a subpoena with two requests to DPSCS. The requests were as follows:

1. Please produce any and all phone calls between January 1, 2013 and January 1, 2014; any and all phone calls between April 21, 2016 through June 10, 2016; and any and all phone calls made between October 30, 2018 through the day of Gary Washington's (SID: 192359) release, from the inmate account belonging to Gary Washington (SID: 192359).

2. Please disclose in writing, without producing the actual phone calls, the number of responsive phone calls to the following:

    a. Phone calls made form the inmate account belonging to Gary Washington predating January 1, 2013.

    b. Any and all phone calls available between January 1, 2013 and January 1, 2014; any and all phone calls between April 21, 2016 through June 10, 2016 and any

and all phone calls made between October 30, 2018 and January 15, 2019, to the following phone numbers below. This request excludes any phone calls made by Gary Washington's (SID: 192359) account. (listing 67 different phone numbers).

## I. Plaintiff's 2013 and 2016 Calls

On July 21, 2022, DPSCS produced responsive records which, according to the phone logs, total about 49 hours of calls.

## II. Information About Plaintiff's Calls Prior to 2013

On July 21, 2022, DPSCS completed their production of records responsive to Request No. 2(a) stating that it does not have any calls from Plaintiff's account predating January 1, 2013, because its system started in March 2013. Ex. A (DPSCS Response) at 1.

## III. Information about Calls to the 67 Phone Numbers

On July 21, 2022, DPSCS completed their production of records responsive to Request No. 2(b). DPSCS confirmed that Plaintiff was released on October 29, 2018. *Id*. Of the 67 phone number requested, DPSCS confirmed that it located responsive calls for 24 phone numbers. *Id.* According to the phone logs, the responsive calls total about 377 hours. DPSCS also produced the responsive calls, which have been produced to Plaintiff, but, in compliance with the Court's order, the parties have not listened to the calls.

*Plaintiff's Position:* Based on DPSCS's records, 24 phone numbers, totaling about 377 hours, are responsive to Defendants' Request No. 2(b). Since DPSCS has also produced these calls, the current question is whether Defendants should be permitted to keep the produced calls. The answer is no. This Court should deny Defendants' request to obtain/keep these calls because Defendants' request is untimely, the calls are irrelevant to the claims and defenses in this case,

this discovery imposes an undue burden on Plaintiff, and unjustifiably increases the cost of litigation.

As a threshold matter, Plaintiff maintains that Defendants' request to obtain additional jail calls in this case is untimely.[1] As previously briefed for this Court, Defendants had ample time to serve the subpoena request at issue, but Defendants chose not to. Doc. 140 at 3-4, 6-9. In April 2020, more than a month before the close of discovery, the parties met and conferred specifically about the request for calls to the 67 identified numbers. *Id*. at 3-4. During the meet and confer, Plaintiff suggested that Defendants obtain the relevant call logs so that the parties could determine how many calls were responsive to Defendants' request—the very same course of action the Court ordered at the July 12 hearing. It is undisputed that despite this offer for compromise, Defendants neither issued any modified subpoena nor took any action to serve a subpoena seeking all calls to the 67 phone numbers. Instead, Defendants inexcusably waited until the day fact discovery closed to ask this Court for time to serve a subpoena seeking the calls to the 67 phone numbers. Doc. 134. The fact of the matter is Defendants ran out of time and there is no good cause to justify their inaction. Their lack of diligence is alone sufficient reason for this Court to deny Defendants' request to obtain/keep this additional discovery.

In addition to Defendants' request being untimely, Defendants' request also fails on the merits. Defendants' request exceeds the permissible scope set by Rule 26 in that the calls are irrelevant and impose an undue and costly burden on Plaintiff. Plaintiff first addresses the matter of relevance. Defendants argue that these calls are likely to contain relevant information because

---

[1] In the interest of compromise, Plaintiff agreed to withdraw his objection to Defendants' request to obtain Plaintiff's 2013 calls and complete a review of all of Norman Cook's calls. This compromise did not waive Plaintiff's timeliness objection for Request 2(b).

Plaintiff has been identified using the phone numbers to conduct substantive discussions about his case. Doc. 149 at 2. During the July 12 hearing, Plaintiff informed the Court that he could not find the majority of the phone numbers Defendants listed in their proposed subpoena request. To reach agreement about the phone numbers prior to the issuance of the court-ordered subpoena (Doc. 152, n. 1), Defendants identified an exemplar call for each of the previously unidentified numbers. Plaintiff has listened to these exemplar calls and, where identifiable, a sample of calls to each number from the over 900 hours of jails calls that has been previously produced. Plaintiff has determined that for 15 phone numbers either Plaintiff did not have any substantive conversations about his case or Plaintiff was not the speaker (the asterisks signify the calls that were identified by Defendants):

| Phone Number | Call Examined | Description |
| --- | --- | --- |
| 240.310.3504 | December 14, 2016 at 8:56* | Plaintiff does not use this number to have any conversation about his case |
| 443.473.2983 | December 12, 2016 at 13:44* | Plaintiff does not use this number to have any conversation about his case |
| 443.590.8645 | July 13, 2014 at 14:32* | Plaintiff does not use this number to have any conversation about his case |
| 443.742.0704 | October 18, 2016 at 21:33* | Plaintiff does not use this number to have any conversation about his case |
| 240.425.7043 | July 11, 2018 at 14:04* | The call identified by Defendants does not include any reference to this phone number |
| 443.744.6521 | April 2, 2014 at 21:42* | Plaintiff is not the speaker, and the number is not used to discuss any matters related to Plaintiff's case |
| 410.209.8600 | December 7, 2016 at 12:42* | Plaintiff does not use this number to have any conversation about his case |

| | | |
|---|---|---|
| 410.358.5847 | March 26, 2014 at 13:22* | Plaintiff is not the speaker, and this number is not used to discuss any matters related to Plaintiff's case |
| 443.210.7946 | May 27, 2014 at 14:33 | Plaintiff is not the speaker, and this number is not used to discuss any matters related to Plaintiff's case |
| 443.326.2229 | July 17, 2014 at 13:12* | Plaintiff does not use this number to have any conversation about his case |
| 443.859.0837 | October 25, 2017 at 13:08* | Plaintiff does not use this number to have any conversation about his case |
| 443.523.9831 | Listened to a sample of calls | Plaintiff is not the speaker, and this number is not used to discuss any matters related to Plaintiff's case |
| 443.859.6608 | March 4, 2014 at 18:57 (only one call exists) | Plaintiff is not the speaker, and this number is not used to discuss any matters related to Plaintiff's case |
| 410.422.0982 | July 30, 2015 at 22:23* | Plaintiff does not use this number to have any conversation about his case |
| 443.944.4546 | May 18, 2014 at 14:00 (only one call exists) | Plaintiff is not the speaker, and this number is not used to discuss any matters related to Plaintiff's case |

It is notable that despite Defendants' claim that the above-listed numbers belong to Plaintiff's family and friends or were used to discuss Plaintiff's claims, the exemplar calls Defendants identified do not bear this out. Plaintiff has tried to understand Defendants' claim of relevance but throughout the meet and confers on this issue, Defendants have repeatedly refused to disclose the calls that show Plaintiff using the listed numbers to discuss his case by asserting that this information is protected by the work-product privilege. But Defendants have never explained how disclosing information demonstrating relevance is an invasion of the work-

product privilege, or at least any more of an invasion than answering a contention interrogatory or even writing this joint status report. Instead, Defendants have chosen to identify calls that belie their claim.

The DPSCS call logs further undermine Defendants' attempt to establish relevance. The calls logs show that for at least 10 phone numbers, multiple detained individuals made calls to the listed numbers. This diverse calling population suggests that these numbers are not unique to Plaintiff's case. For example, in 2013 and 2016, 15 different people called the number 443.742.0704. Ex. B (6336).  Similarly, in 2013, more than 15 different individuals called 443.326.2229. Ex. C (6372). Most troubling, and perhaps the best example of how invasive Defendants' request is, in 2013, more than 10 detained individuals called 410.783.0272, the number for prominent Maryland post-conviction attorney, Robert Biddle.[2] Ex. D (6292).

Defendants reference calls made by Norman Cook and Sabein Burgess in another failed attempt to establish relevance, but this is a red herring. Neither Cook's nor Burgess' calls can show that Plaintiff used other detained persons' accounts to discuss his case. Defendants do not and cannot cite any Cook calls that show that Plaintiff used another detained person's account to discuss his case because all of Cook's calls to Plaintiff were made when Plaintiff was out of custody. To the extent Defendants intend to use Cook's calls to prove bias or a motive to lie, this goal does not justify listening to calls made by other detained individuals. Similarly, the call logs for Sabein Burgess do not show that Plaintiff used Burgess' account to discuss his case. The number reflected on the log—240.310.3504—is consistently linked to Burgess. Ex. XX (6245). As noted in the first row of the table included above, this number was used in 2016 by Plaintiff.

---

[2] Mr. Biddle represented Plaintiff in his post-conviction proceedings.

The exemplar call does not include any evidence that Plaintiff used the number to talk about his case, but most importantly this 2016 call shows that Plaintiff did not use Burgess' account to talk about his case because Burgess was not in custody in 2016. *See* "*Jury awards $15 million to Baltimore man exonerated of murder*, The Baltimore Sun (2017), https://www.baltimoresun.com/news/crime/bs-md-burgess-verdict-20171121-story.html (noting that Burgess was released in 2015). Given the sheer number of times Burgess called this number in 2013, it is likely this number belongs to one of Burgess' family members and was used by Burgess to talk to his own family. If Defendants now want to change their request to obtain Burgess' calls based on purely speculative, conclusory, and undefined claims of "collusion" this request should be denied. This new request is of a fundamentally different nature than the request at issue, and Defendants should not be permitted to change the target months after discovery has closed.

      Finally, listening to 377 hours' worth of calls is unduly burdensome and the expense incurred by listening to these calls cannot be justified given the calls' lack of relevance to the issues in this case. If Plaintiff's counsel were to *only* listen to the produced calls every day for eight hours a day, it would take 47 days to finish reviewing the calls. This calculation does not include the time it takes to digest the calls, re-listen to calls that are unclear due to noise or sound distortion, and analyze the calls. Given the time it takes to review and digest these calls, the expense is considerable. When Defendants claim that there is no undue burden or increased costs, this claim should be evaluated against the fact that Defendants' counsel owns a for-profit company that reviews jail calls. Ex. XX (Shneur Nathan's LinkedIn Page); https://www.pointeddiscovery.com/. Plaintiff does not have the same access to jail call review services as Defendants and should not have to bear the cost of Defendants' fishing expedition.

Further, considering the potential financial benefit Defendants' counsel stands to gain from this form of discovery, it is unclear if Defendants share Plaintiff's incentive to ensure that the calls obtained are not only relevant but are not cumulative.

In sum, this Court should reject Defendants' conclusory and unsupported assertion of relevance and deny Defendants' request to extend discovery to permit Defendants to obtain additional jail calls made to 67 identified numbers (24 of which produced responsive results). The request is untimely, creates an undue burden on Plaintiff, unjustifiably increases the cost of litigation, and seeks discovery that is irrelevant to the claims and defenses in this case. Because DPSCS has already produced the calls at issue, Plaintiff requests the following:

- This Court deny Defendants' request and order the parties to destroy these calls without listening to them.[3]
- Additionally, because the calls produced in response to the court-ordered subpoena do not clearly identify which calls were made from Plaintiff's account, Plaintiff requests that this Court order Defendants to first verify with DPSCS which calls were made from Plaintiff's account in 2013 and then provide a list to Plaintiff of the responsive calls prior to listening to them.

---

[3] The Court should note that seven of the 24 phone numbers include phone numbers that have been linked to Plaintiff's friends and family members. The DPSCS logs show that generally Plaintiff is the only person who made calls to five of the phone numbers. Ex. XX (Group Exhibit (6258, 6393, 6264, 6283, 6303)). With regard to the other two numbers (240.382.8355, 410.646.0696), Plaintiff does not dispute that he called these phone numbers to discuss his case. There is no evidence, however, that anyone other than Plaintiff called these two phone numbers. Since Defendants already have all of Plaintiff's existing calls, Defendants should only be able to listen to the calls produced pursuant to previous subpoenas and Request No. 1 of the court-ordered subpoena (a request Plaintiff's 2013 calls).

*Defendants' Position:* Defendants' position is unchanged. Rule 26(b) entitles Defendants to obtain relevant information which aid and/or support their defenses in this case. The Committee notes to Rule 26(b) states that the scope of Rule 26 is broad and encompasses any information that is relevant. The subpoenaed jail calls in request 2(b) are clearly relevant. Defendants respectfully request that the court allow them to review the jail calls received from DPSCS.

Defendants request is not untimely as Plaintiff contends. Rule 6(b)(1) states that a party may ask for an extension of time before the expiration of a deadline. For good cause shown, the court may grant the request. Here, Defendants attempted to obtain the jail calls earlier in discovery. However, Plaintiff consistently objected to the production of the jail calls and used the meet and confer requirements of the Rules and Local Rules to stall discovery on this point. The parties could never reach compromise during the numerous meets and confers held by the parties. *See* Defendants Reply (ECF # 143)

Even during the status hearing before the Court, Plaintiff sought to delay the serving of request 2(b) of the subpoena by raising for the first time he had an issue with the list of telephone numbers despite having the list in hand since March and April of this year.

That said, when Defendants filed their Rule 6 motion before the expiration of discovery, the Court granted Defendants permission to review some of the disputed jail calls which were stalled in discovery. The Court allowed the review of the Norman Cook jail calls. Plaintiff consented to that review. The Court also allowed review of the jail calls in request # 1 of the subpoena. Plaintiff consented to that review. Defendants request to review request 2(b) of the same subpoena is no less untimely and Plaintiff is not prejudiced. The Court has broad

discretion in discovery to extend deadlines and the information sought by Defendants is probative and relevant.

    Indeed, review of the subpoenaed phone logs pertaining to request 2(b) clearly show instances where calls made from Plaintiff's jail account were made to telephone numbers and on the same day, - sometimes within the same hour - additional calls from other inmates jail accounts in the same facility were made to the same telephone numbers Plaintiff called. Plaintiff points to one number belonging to his post-conviction attorney and suggests that the other inmate account calls to that one number infer appropriate conduct. Notably absent from Plaintiff is an explanation as to why other inmates phone accounts within the same jail facility are calling phone numbers belonging to Plaintiff's family, friends, associates, and/or frequently contacted phone numbers called by Plaintiff within the same day, sometimes hours, after calls made from Plaintiff's jail account. There is a strong inference that Plaintiff used other inmate accounts and/or had other inmates convey messages on his behalf. The fact that it has been established during discovery that Plaintiff was known to have and used a contraband cell phone while incarcerated is inference enough that Plaintiff routinely sought to impermissibly shield the substance of his calls to the outside to evade lawful scrutiny.

    Plaintiff attempts to use the "exemplar" numbers given to him by Defendants as evidence the phone calls made to those numbers do not demonstrate relevant information exists. But, Plaintiff chooses to ignore the fact that Defendants gave him the "exemplar" numbers only to demonstrate that the phone numbers, which Plaintiff disputed as being in existence for the first time at the status hearing , was gathered by Defendants during their review of the interactions Plaintiff had with the "exemplar" telephone numbers. The "exemplar" phone calls Defendants provided Plaintiff were merely a showing of Plaintiff's interaction with the phone numbers; not a

position on the substance of the phone calls as Defendants sought to maintain their work-product being withheld from Plaintiff.

Defendants know that Plaintiff freely conveyed messages – sometimes talking in code to obscure the substance of his phone calls – about the facts pertaining to the instant case. So, it is not a stretch that there is a strong inference that relevant information will be found by a review of request 2(b) to the subpoena.

On December 8, 2018, for example, Mr. Cook calls Plaintiff directly from jail. He is clearly telling Plaintiff that his lawyer told him that Plaintiff's lawyers would be giving him a call. Mr. Cook is clearly heard saying "if they call me, you know what I am going to do." "If they call me, I am going to stick to the same story." Plaintiff is later heard telling Mr. Cook that he sent the money order but that it would take a while. Plaintiff is heard asking Mr. Cook whether he wants Plaintiff to give the money order to his brother. In a February 28, 2019 jail from Norman Cook, Plaintiff seemingly discusses the instant case. He is seemingly telling Mr. Cook that his lawyer(s) have loaned him money because his civil case could take three years to resolve.[4] On March 7, 2019, the Norman Cook jail call to Plaintiff contained words to the effect of Plaintiff securing and paying for attorneys to represent Mr. Cook.

Plaintiff argues that the costs associated with reviewing the jail calls associated with request 2(b) of the subpoena is not warranted and/or justified. Rule 26 does state that the discovery requests should be proportional to the case. Here, review of request 2(b) of the subpoena is proportional to the discovery needs of this case, namely to Defendants defense. If

---

[4] Defendants do not contend that Plaintiff is referring to his current counsel or that the assertion is true. Defendants only contend that that Plaintiff said it and is clearly discussing the civil case with Norman Cook.

found liable, Defendants could lose millions in damages.  This is a case involving allegations which are more than thirty years old.  Memories have faded.  Witnesses have recanted.  Evidence has been lost due to the passage of time.  Obtaining Plaintiff's own words about this case – even those he attempted to shield – is clearly relevant and warranted.

Defendants note that Plaintiff had no difficulty reviewing jail calls to present his statistical analysis to the court.

Plaintiff attempts to avoid scrutiny of his behavior by distracting the Court with reference to Defense Counsel's endeavor reviewing jails calls associated with the instant case, as well as other similar cases where it is known inmates talk about their legal matters with family, friends, and associates.  Indeed, Defense Counsels' review of jail calls in defense of these type of cases in not only warranted and just, it has, in the past uncovered wrongful conduct of past plaintiff(s).  In a case where Defendants are exposed to potential liability in the millions – maybe multi-millions – the costs associated with the diligent review of jail calls pertaining to request 2(b) is clearly proportional and warranted.

As the court has found before, the only way to determine whether a jail call is relevant is to listen to the call.

Defendants respectfully request that they be allowed to review  the produced jail calls pertaining to request 2(b), which is the only outstanding jail call request in dispute.   The jail calls are clearly relevant.  The jail calls demonstrate direct calls, and in many cases, three-way calls.  If, on the other hand, the court feels that a limitation is warranted, Defendants would respectfully request that they be allowed to review, at a minimum, all calls clearly made from Plaintiff's account and the calls made by other inmates to the same numbers in close temporal

12

proximity – one to three days - to the date and/or time Plaintiff called the same number. There are calls where other inmate accounts call the same number within hours of Plaintiff's calls.

Respectfully submitted,

  /s/
Neal M. Janey, Jr.
Nathan & Kamionski, LLP
575 South Charles Street, Ste. 402
Baltimore, Maryland 21201
(410)-630-4611
njaney@nklawllp.com
*Attorneys for Officer Defendants*

/s/
Renee Spence
Jon Loevy
Gayle Horn
Roshna Bala Keen
LOEVY & LOEVY
311 N. Aberdeen St.
Third Floor
Chicago, IL 60607
(312) 243-5900
spence@loevy.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, July 28, 2022.

/s/ Renee Spence

*One of Plaintiff's Attorneys*