IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **GARY WASHINGTON,** | * |
| **Plaintiff,** | * |
| v. | * |
| | * Civil Case No. SAG-19-2473 |
| **BALTIMORE POLICE DEPT.**, *et al.*, | * |
| **Defendants.** | * |

## MEMORANDUM OPINION

Plaintiff Gary Washington filed an Amended Complaint against the Baltimore Police Department ("BPD") and several of its former homicide detectives, Thomas Pellegrini, Oscar Requer, Richard Fahlteich, John Tewey, and Fred Ceruti (collectively, "the Officer Defendants"), seeking damages resulting from Plaintiff's thirty-two-year incarceration for a homicide he alleges he did not commit.[1] ECF 5. This Court bifurcated Plaintiffs' *Monell* claims against the BPD and first addressed the claims against the Officer Defendants. ECF 68. After considering Plaintiffs' and Officer Defendants' filings, exhibits, and oral arguments, this Court granted the Officer Defendants' motion for summary judgment. ECF 198. Plaintiffs now request Rule 54(b) certification of this Order.[2] For reasons below, this Court GRANTS Plaintiffs' unopposed request.

---

[1] Background of this case is set forth in the April 12, 2023 Memorandum Opinion, ECF No. 197.

[2] The Court held a scheduling conference on April 28, 2023 to discuss disposition of the remaining *Monell* claim and Plaintiffs expressed their interest in pursuing an interlocutory appeal. *See* ECF

I.  **DISCUSSION**

U.S. Courts of Appeals may obtain jurisdiction from an appeal of a final order or an appealable interlocutory order. 28 U.S.C. §§ 1291, 1292. "Rule 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action." *Braswell Shipyards*, 2 F.3d at 1335.

"Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). "It should neither be granted routinely, . . . , nor as an accommodation to counsel." *Id.* (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980); *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir. 1986). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)) (internal quotation marks omitted).

For a court to effectuate a Rule 54(b) certification, it must first (1) determine whether the judgment is final, and (2) determine whether there is "no just reason for the delay in the entry of

---

200. This Court directed the parties to provide a status report about whether the remaining *Monell* claim will be addressed by way of a summary judgment motion or whether an interlocutory appeal will proceed. ECF 201. The parties submitted their respective positions on the matter, jointly recognizing that no *Monell* claim can exist without the finding of an underlying constitutional violation by an individual defendant. ECF 204. Accordingly, Plaintiffs are "seeking a Federal Rule of Civil Procedure 54(b) judgment"; Defendant BPD does not object. *Id.* Officer Defendants have likewise indicated to the Court that they do not oppose Rule 54(b) certification.

judgment." *Id.* (internal citations omitted); *see also MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010).

Here, the Court's grant of summary judgment constitutes a final judgment because it was the "ultimate disposition" of Claims I–IV and VI–VIII against the Officer Defendants and the indemnification claim, Count IX, against the BPD Defendant. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Thus, the remaining question is whether "there is no just reason for delay." FED. R. CIV. P. 54(b).

The Fourth Circuit in *Braswell* identified the relevant factors a court should consider in such an analysis: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335 (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

For the first factor, as the parties acknowledge, there is no *Monell* claim against the BPD Defendant without any underlying violation by an individual Officer Defendant. Thus, the expedient review of this Court's Order efficiently advances the ability of Plaintiffs to seek resolution in their case as a whole. Second, no questions remain for this Court to analyze regarding the Officer Defendants' liability. Therefore, there is no possibility that future action in this Court will moot appellate review. Third, there is no risk that appellate court would have to consider the same issue twice because this Court has conclusively ruled on all claims against the Officer

3

Defendants, rendering them appropriate for appellate review. Fourth, there is no claim or counterclaim which could result in a set-off against the Court's Order—only the *Monell* claim remains in this case. Finally, judicial efficiency supports certification. Having granted Officer Defendants' motion for summary judgment, moving forward with the *Monell* claim would be an exercise in paperwork and an unnecessary use of the parties' and this Court's time. There would be no meaningful benefit to the appellate court if this Court were to first force the parties to brief the remaining *Monell* claim. Thus, in the interest of judicial economy and efficiency, this Court finds that there is no just reason for delay for the entry of a final judgment of this Court's Order granting summary judgment for the Defendant Officers.

## II.   CONCLUSION

For the reasons stated above, this Court GRANTS Plaintiffs' request to certify this Court's Order, ECF 198, under Rule 54(b). A separate Order follows.


Dated: May 16, 2023                                       /s/
                                                Stephanie A. Gallagher
                                                United States District Judge