**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICTJUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
410 962-7780
MDD_SAGchambers@mdd.uscourts.gov

October 6, 2025

LETTER TO COUNSEL

    RE:  <u>Gary Washington v. Baltimore Police Department, et al.</u>
          Civil Case No. SAG-19-02473

Dear Counsel:

This following schedule is entered to govern the course of further proceedings in this case:

**<u>Schedule</u>**

| | |
|---|---|
| **February 3, 2026** | Deadline for submitting pretrial order, motions in limine, proposed voir dire questions, proposed jury instructions, and proposed special verdict forms |
| **March 16, 2026** 9:30 a.m. | Pretrial conference (counsel only) |
| **May 4, 2026** 9:30 a.m. | 3 week Jury Trial (counsel should be in court by 9:00 a.m. that morning) |

**Voir Dire and Jury Instructions**

You should file proposed joint voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and proposed joint special verdict forms.[1] Any voir dire questions, jury instructions, or special verdict forms upon which the parties cannot agree on should still be submitted in joint form, clearly reflecting each party's position where they diverge. Copies of all of your proposed voir dire questions, jury instructions and special verdict forms should be submitted to chambers in hard copy and via e-mail in Microsoft Office Word to MDD_SAGchambers@mdd.uscourts.gov.

Your proposed joint voir dire should include a brief proposed statement to be read to the venire panel explaining the nature of the case in general terms.

Your proposed jury instructions should (a) be typed one per page, (b) be numbered and assembled in the order in which you request that they be read to the jury, and (c) include a citation of the authorities supporting the instruction.

---

[1] In accordance with Local Rule 106.8.b, you may request me to provide you a copy of my customary general (non-case-specific) instructions.

**Guaranteeing Witness Availability**

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expecting to present" at trial.

**Disclosure of Opinions of Expert Witnesses**

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(B) separately from those designated pursuant to Rule 26(a)(2)(C).

**Exhibits**

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.h. Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7.a. You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7.b.

**Use of Courtroom Equipment**

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use electronic evidence presentation systems. Information about the systems and training opportunities can be found on the Court's website.

**Trial Instructions**

Please read carefully the attached memorandum entitled "Instructions To Counsel Re Trial Procedure And Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

**Settlement**

Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25-28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

INSTRUCTIONS TO COUNSEL RE TRIAL PROCEDURE AND CONDUCT[2]

1. **Efficient Use of Courtroom Time**

Please always be on time. It is important to anticipate objections in order to avoid unnecessary bench conferences. When the jury is present, virtually every minute should be spent taking testimony.

2. **Exhibits**

A. You must pre-mark exhibits.

B. You should not formally move exhibits into evidence. Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

C. You may circulate exhibits to the jury without asking permission of the court provided you then continue with questioning.

D. If you plan to use exhibit books, you should first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute. Please provide copies for one lawyer per party, a copy for the witness, a copy for the judge, and (at your option) a copy for each juror.

3. **Witnesses**

A. Treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

B. Do not appear to address yourself to jurors when questioning a witness.

4. **Prohibited Questions and Remarks**

A. Do not ask a witness whether it "would surprise you to know" that a certain event occurred.

B. Do not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying" or "not telling the truth"?)

C. Do not remind a witness that he is under oath or ask whether he expects the jury to believe his testimony.

5. **Movement In The Courtroom**

A. Please stand when addressing the court.

B. You may (unless recording or amplification equipment otherwise requires) ask questions

---

[2] These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

    C.  You may approach a witness to show an exhibit without prior approval of the court but may not do so for any other reason.

    D.  When addressing jurors, please stand a respectful distance away from them.

6. **Objections**

You should not make speaking objections or, unless invited to do so by the court, argue rulings in front of the jury.

7. **Opening Statements and Closing Arguments**

    A.  Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

    B.  Exhibits and demonstrative aids may not be displayed to the jury during opening statement or closing argument.  Please also show any new demonstrative aid you intend to display during closing argument to opposing counsel before doing so.

    C.  During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant, or guilt or innocence of an accused.

8. **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule.  Local Rule 107.14 describes when counsel may talk to a witness on the stand.

9. **Electronic Devices**

Please turn off (and instruct your clients and witnesses to turn off) all audible electronic devices before entering the courtroom.

10. **Food and Drink**

Please do not bring any food or drink (other than water) into the courtroom.

11. **Use of Courtroom Telephone Prohibited**

Please do not use the courtroom telephone unless authorized by the court.